UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO: 06-CV-13640

v.

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

EARL K. SAGEMAN,
a/k/a/ EARL K. SAGEMAN, Jr.,
a/k/a EARL SAGEMAN,
a/k/a EARL KENNETH SAGEMAN, Jr.,
d/b/a SAGEMAN FARMS,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS**
(Dkt.7)
**AND PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**
(Dkt. 10)

### I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion be **DENIED** and that Plaintiff's motion be **GRANTED.**

### II.   REPORT

#### A.   Introduction

Pending, pursuant to an Order of Reference for general case management issued by United States District Judge Thomas L. Ludington (Dkt. 5), are the above-entitled motions.  Plaintiff has filed a response opposing Defendant's motion (Dkt. 9) and Defendant has filed a lengthy Reply.

(Dkt. 12.) Prior to the deadline set for responses to Plaintiff's motion (*see* Dkt. 11), Defendant filed a Motion for Relief from Sheriff Judgment[1] (Dkt. 13), a counterclaim[2] (Dkt. 14), and a document entitled "Commercial Notice Appointment of Fiduciary Debtor." (Dkt. 15.) Accordingly, after review of the documents and pursuant to E.D. Mich LR 7.1(e)(2), I conclude that the motions are now ready for Report and Recommendation without oral argument.

**B.     Facts**

In October 1993, Defendant executed and delivered to the United States Department of Agriculture, Farmers Home Administration,[3] a promissory note in the amount of $59,400. (Complaint ¶ 3; Ex. A.) In late March 1994, Defendant executed and delivered two additional promissory notes totaling $108,600. (*Id*. at Ex. B, C.) Subsequent to the execution of these promissory notes, Defendant executed and delivered to Plaintiff three security agreements. (*Id*. ¶ 4, Ex. D-F.) Later, financing and continuation statements were duly filed and recorded. (*Id*. ¶ 5; Ex. G-R.) Defendant subsequently defaulted on these promissory notes. (*Id*. ¶¶ 4, 8.) As a result, on September 27, 1996, Plaintiff served upon Defendant a Notice of Acceleration of Indebtedness and Demand for Payment. (*Id*. at Ex. T.)

Review of the pleadings and records of the United States Bankruptcy Court for the Eastern District of Michigan indicate that between November 1996 and May 2005, Defendant sought to file bankruptcy at least five times. One case was dismissed for failure to make payments. Another

---

[1] This motion is the subject of a separate order holding the motion in abeyance pending the outcome of the previously-filed dispositive motions. (Dkt. 16.)

[2] In his counterclaim, Defendant seeks to discharge of all his debts, alleging that Plaintiff has violated a number of statutes that also serve as the basis for his pending dispositive motion. Defendant also alleges that Plaintiff has failed to take into account illnesses suffered by Defendant as well as the fact that Defendant has lived in a region which, from 1994 to 1998, was declared a disaster area. Attached to Defendant's Counterclaim are supporting medical records as well as a document entitled "Bonded Bill of Exchange Order."

[3] The Farm Service Agency is the successor in interest to the Farmers Home Administration.

case was dismissed for failure to file required schedules. In another case, the United States filed a complaint objecting to a requested discharge in bankruptcy and the court ultimately issued a Judgment of Default denying Defendant a bankruptcy discharge and closing the file. In another case initiated in November 2004, the bankruptcy judge entered an order lifting the bankruptcy stay as to the Farm Service Administration regarding the collateral posted as security for the loans described above. Subsequently, an order was entered directing abandonment of that collateral to the Farm Service Agency. One other attempted bankruptcy and at least two other adversary proceedings in bankruptcy court were either dismissed or decided adversely to Defendant.

Plaintiff represents that the United States has requested that Defendant voluntarily turn over any remaining collateral but Defendant has failed to do so. (Pltf.'s Mot. at 3.) Instead, on March 16, 2006, Defendant forwarded to the Farm Service Agency a document entitled "Bonded Bill of Exchange Order." (*Id.* at Ex. A.) On June 19, 2006, Defendant forwarded to the Farm Service Agency a document entitled "Notice of Dishonor and Opportunity to Cure." (*Id.* at Ex. B.) On June 21, 2006, counsel for Farm Service Agency informed Defendant by letter that these documents did not constitute legal payment for the debt owed by Defendant. (*Id.* at 3-4.) On June 28, 2006, Defendant forwarded to the Farm Service Agency a document entitled "Notice of Protest and Opportunity to Cure." (*Id.* at Ex. C.)

Plaintiff filed the instant action on August 15, 2006. Plaintiff recites the existence of these promissory notes and security agreements. Plaintiff alleges that Defendant's default and the service upon him of the Notice of Acceleration requires the payment of all principal and interest, which currently amounts to over $288,000. (Compl. at 1-3; Def.'s Mot., Dkt 10 at 4.) Defendant filed his motion December 14, 2006. Plaintiff filed its motion January 10, 2007.

3

### C. Arguments of the Parties

Defendant's arguments supporting his motion to dismiss are best communicated in his own words. In the Memorandum supporting his motion, Defendant states:

> Plaintiffs lack standing. Since House Joint Resolution 192, 1933 signed by President Roosevelt it suspended gold and silver from the dollar creating the as we know it Federal Reserve Notes or money which is and has been just a promise to pay a negotiable instrument under the UCF article 3. A note in Black's law dictionary is a promise to pay by two parties who is the parties government and we the people right on the money and the constitution we the people of America, so we are the creditors our real name birth name and the name that the plaintiff uses is the strawman a fictitious name. The Plaintiff has not shown evidence of personal injury, instead only alleges injury to a government agency as members of a government agency, even if that were so, that type of injury does not qualify as "personal" injury sufficient to sustain standing.
>
> Second, the plaintiff has never once issued or indicated a dishonor of the bill of exchange presented to the government agencies officer in charge of the suppose account, and that officer to this day has not sent or replied to a notary protest of the negotiable instrument under the UCC 3-505 and the Michigan Compiled Law 440.3505 or any other documents sent ceased and desist order sent to the agency. The notarial certificate of dishonor has been issued for this claim that is before the court see attached therefore there is no claim for relief to granted upon.

(Dkt. 7, Def.'s Mem. in Supp. of Mot. at 3-4.) Further, in his reply, Defendant argues:

> The UCC of the private creditor is superior to the plaintiff by the HJR 192 and executive order 11825 which gave the citizen of the United States Of America unlimited credit for the use of property and the birth certificate as collateral to the bankruptcy codified in USCA 95a. The lien is a agreement between the two private parties of EARL KENNETH SAGEMAN and Earl Kenneth Sageman the living soul of citizens of the United States Of America has superior lien dated back to the creation of a birth certificate. Sovereign laws of commerce says that a commercial court shall not infringe upon the

4

private matters of the citizen of America as we are the creditors to the government and the plaintiff has failed to deny the averment which is admitting to under. FRCP Rule 8(d) Effect of failure to deny.

(Dkt. 12 at 6-7.)

In its motion, Plaintiff argues that it has complied with all the prerequisites for the collection of the indebtedness evidenced by the promissory notes executed by Defendant, and thus seeks to collect on that indebtedness. Plaintiff reiterates the arguments made in response to Defendant's motion that the documents forwarded by Defendant neither extinguish nor forgive his indebtedness.

### D.    Analysis and Conclusions

#### 1.    Motion Standards

Both motions at issue were filed pursuant to Rule 12 of the Federal Rules Of Civil Procedure. Defendant cites Rules 12(b)(1) and 12(b)(6). Plaintiff cites Rule 12(b)(1). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Rule 12(b)(1) allows for any party to move for judgment on the pleadings. "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would

5

entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

    **2.**    **Discussion**

At the threshold I note that as a general rule, federal law, not state law, governs the rights of the United States under nationally-administered federal programs. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726, 99 S. Ct. 1448, 59 L. Ed. 2d 711 (1979); *United States v. Kukowski*, 735 F.2d 1057, 1058 (8th Cir. 1984). In certain circumstances, state law may be applied to fill a void in the applicable federal law. *Kimbell Foods, supra*, 440 U.S. at 728-29.

Turning to the arguments made relating to jurisdiction and standing, the federal government has an obvious interest in collecting debts owed to the government. *United States v. Tilleraas*, 709 F.2d 1088, 1090 (6th Cir. 1983). Furthermore, *Kimbell Foods* makes clear that the United States and its agencies acting on its behalf can rely on federal law (statutes, regulations, and common law) to enforce the government's rights against private citizens with whom it has contracted in loan transactions. *See generally Kimbell, supra*. Even remedial statutes such as 7 U.S.C. § 2001, which was enacted to assist borrowers to continue farming or ranching operations, acknowledges the government's right to bring a foreclosure action. *See U.S. v. Fink,* 393 F. Supp. 2d 935, 939-40 (D.S.D. 2005). I suggest that the jurisdictional statute properly relied upon by Plaintiff, 28 U.S.C. § 1345, provides that the district courts shall have original jurisdiction of all civil actions commenced by the United States or its authorized agencies. I therefore suggest that any claims of lack of jurisdiction or standing should be rejected.

Turning to the merits, after review of the pleadings and the attached exhibits, I suggest that Defendant fully executed legally binding promissory notes obligating him to repay to the United States the indebtedness evidenced by those promissory notes. I further suggest that Plaintiff has

complied with the requirements of both federal law and the Uniform Commercial Code, and is thus entitled to both declare his indebtedness due and owing, and to take steps to collect that indebtedness. I am entirely unable to find any support for the arguments advanced by Defendant and, as a result, conclude that no viable legal theory supports Defendant's position. I therefore suggest that it is appropriate to grant Plaintiff's motion and to deny Defendant's motion.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                     s/ *Charles E. Binder*
                                                    CHARLES E. BINDER
Dated: March 5, 2007                         United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report And Recommendation was electronically filed this date, electronically served on Michael Hluchaniuk, and served on Earl Sageman by first class mail.

Date: March 5, 2007                               By     s/Jean L. Broucek
                                                                  Case Manager to Magistrate Judge Binder