UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                               Case Number 06-13640-BC
v.                                    Honorable Thomas L. Ludington

EARL K. SAGEMAN, a/k/a EARL K.
SAGEMAN, Jr., a/k/a EARL SAGEMAN,
EARL KENNETH SAGEMAN, Jr., d/b/a
SAGEMAN FARMS,

        Defendant.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTIONS, GRANTING GOVERNMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING CASE WITH PREJUDICE, AND DENYING MOTIONS AS MOOT

This matter is before the Court on defendant Earl Kenneth Sageman's objections to a report issued by Magistrate Judge Charles E. Binder on March 5, 2007 recommending the government's motion for judgment on the pleadings be granted and the defendant's motion for judgment on the pleadings be denied. After considering the matter *de novo* in light of the defendant's objections, the Court, like the magistrate judge, is unable to discern any relevant legal basis that would support the defendant's claims.

The parties' do not object to the facts as recited by the magistrate judge. The Court finds that they faithfully track the record and adopts them here. The following summarizes those facts.

The defendant executed a promissory note for $59,400 in favor of the United States Department of Agriculture, Farmers Home Administration in October 1993. In late March 1994, the defendant executed two additional notes for a total of $108,600. Thereafter, the parties executed

three security agreements, and financing and continuation statements were dully recorded.

The defendant defaulted on the promissory notes. On September 27, 1996, the government served the plaintiff with a notice of acceleration of indebtedness and demand for repayment. Between November 1996 and May 2005, the defendant attempted to file bankruptcy on five separate occasions. One case was dismissed for failure to make payments. The bankruptcy court dismissed another case because the defendant failed to file required schedules. In still another case, the government objected to a requested discharge and the bankruptcy court ultimately entered a judgment of default, which had the effect of denying the discharge and closing the case. In November 2004, in another case, the bankruptcy judge entered an order lifting the bankruptcy stay as the Farm Service Administrator (FSA), the predecessor in interest to the Farmers Home Administration, including the collateral posted as security for the loans described above. Thereafter, the bankruptcy court issued an order of abandonment of that collateral to the FSA. Other bankruptcy cases were dismissed or decided adversely to the plaintiff.

The government represents that it requested that the defendant voluntarily turn over any remaining collateral, but he refused to do so. Indeed, on March 16, 2006, the defendant provided the FSA with a "Bonded Bill of Exchange Order." This document was followed on June 19, 2006 with a "Notice of Dishonor and Opportunity to Cure." FSA's counsel wrote the defendant a letter on June 21, 2006 indicating that the defendant's submission did not constitute legal payment for the debt. The defendant responded with a "Notice of Protest and Opportunity to Cure."

On August 15, 2006, the government initiated the action and recites the promissory notes and security agreements as a basis for its contention that the defendant has defaulted on his promissory notes. The default and service of the notice of acceleration entitles the government, it contents, to

payment of principal and interest amounting to over $288,000. The defendant filed a motion for judgment on the pleadings on December 14, 2006, and the government filed its motion for judgment on the pleadings on January 10, 2007.

This Court referred the case to the magistrate judge on November 1, 2006 for general case management. As noted, the magistrate judge issued his report an recommendation on March 5, 2007 suggesting that the government should prevail. The magistrate judge felt that the defendant's arguments were best summarized in his own words. The defendant wrote in his briefs:

> Plaintiffs lack standing. Since House Joint Resolution 192, 1933 signed by President Roosevelt it suspended gold and silver from the dollar creating the as we know it Federal Reserve Notes or money which is and has been just a promise to pay a negotiable instrument under the UCF article 3. A note in Black's law dictionary is a promise to pay by two parties who is the parties government and we the people right on the money and the constitution we the people of America, so we are the creditors our real name birth name and the name that the plaintiff uses is the strawman a fictitious name. The Plaintiff has not shown evidence of personal injury, instead only alleges injury to a government agency as members of a government agency, even if that were so, that type of injury does not qualify as "personal" injury sufficient to sustain standing.
>
> Second, the plaintiff has never once issued or indicated a dishonor of the bill of exchange presented to the government agencies officer in charge of the suppose account, and that officer to this day has not sent or replied to a notary protest of the negotiable instrument under the UCC 3-505 and the Michigan Compiled Law 440.3505 or any other documents sent ceased and desist order sent to the agency. The notarial certificate of dishonor has been issued for this claim that is before the court see attached therefore there is no claim for relief to granted upon.
>
> . . .
>
> The UCC of the private creditor is superior to the plaintiff by the HJR 192 and executive order 11825 which gave the citizen of the United States Of America unlimited credit for the use of property and the birth certificate as collateral to the bankruptcy codified in USCA 95a. The lien is a agreement between the two private parties of EARL KENNETH SAGEMAN and Earl Kenneth Sageman the living soul of citizens of the United States Of America has superior lien dated back to the creation of a birth certificate. Sovereign laws of commerce says that a commercial court shall not infringe upon the private matters of the citizen of America as we are

> the creditors to the government and the plaintiff has failed to deny the averment which is admitting to under. FRCP Rule 8(d) Effect of failure to deny.

Def.'s Mot. Judgment on Pleadings at 3-4; Def.'s Reply Br. at 6-7.

The government argued that it complied with all prerequisites for collecting the debt as supported by the promissory notes executed by the defendant. The government maintained that the documents the defendant sent to it failed to extinguish or forgive the indebtedness. The magistrate judge agreed. He wrote:

> Turning to the arguments made relating to jurisdiction and standing, the federal government has an obvious interest in collecting debts owed to the government. *United States v. Tilleraas*, 709 F.2d 1088, 1090 (6th Cir. 1983). Furthermore, *Kimbell Foods* makes clear that the United States and its agencies acting on its behalf can rely on federal law (statutes, regulations, and common law) to enforce the government's rights against private citizens with whom it has contracted in loan transactions. See generally *Kimbell, supra*. Even remedial statutes such as 7 U.S.C. § 2001, which was enacted to assist borrowers to continue farming or ranching operations, acknowledges the government's right to bring a foreclosure action. *See U.S. v. Fink*, 393 F. Supp. 2d 935, 939-40 (D.S.D. 2005). I suggest that the jurisdictional statute properly relied upon by Plaintiff, 28 U.S.C. § 1345, provides that the district courts shall have original jurisdiction of all civil actions commenced by the United States or its authorized agencies. I therefore suggest that any claims of lack of jurisdiction or standing should be rejected.
>
> Turning to the merits, after review of the pleadings and the attached exhibits, I suggest that Defendant fully executed legally binding promissory notes obligating him to repay to the United States the indebtedness evidenced by those promissory notes. I further suggest that Plaintiff has complied with the requirements of both federal law and the Uniform Commercial Code, and is thus entitled to both declare his indebtedness due and owing, and to take steps to collect that indebtedness. I am entirely unable to find any support for the arguments advanced by Defendant and, as a result, conclude that no viable legal theory supports Defendant's position. I therefore suggest that it is appropriate to grant Plaintiff's motion and to deny Defendant's motion.

R&R at 6-7.

The defendant summarizes his objections to the magistrate judge's report and recommendation as follows:

1. The plaintiff lacks standing as a plaintiff.
2. Form 440-4 and loan documents are fraudulent, and bears no authority in violation of 7 USC 191dd2, UCC 3-305(a)(1)(ii) and UCC 3-305(a)(1)(iii) and U.S. v. Throckmorton, 98 U.S. 61.
3. The defendants Bonded bill of exchange has merit in the way it was presented and anchored in notarial protest and it has merit as it is founded on the UCC and foundational acts in congress and the US bankruptcy which made all citizens the creditors of the United States,
4. The agency lien fails the test as it is anchored in fraud,
5. The plaintiff failed to affirm or deny plaintiffs averments on;

   A. issues relating to HJR 192,
   B. private party liens, UCC common Law, Sovereign Law, Merchant Law,
   C. on executive order 11825,
   D. the Fraudulent status of Form 440-4
   E. Standing issue
   F. on clearer record
   G. that the UCC & USC nullifies the security agreement
   H. The Notarial
   And silence on these averment is equal to admission, FRCP 8 d.
   And it is also equal to fraud,

6. The report and recommendation is full of ambiguous and arbitrary statements and it totally violates the review standards that are firmly mandatory to Article II Judges,
6a. These actions are clarified in conditional acceptance instrument attached, which was generated to do the magistrate violation of cannon ethics due to omissions constituting gross due process violations, wherein the proofs demonstrate plaintiff admissions, this Article II court sidesteps these proofs, As he completely sidesteps the Plaintiff Original issue, (Lien vs. Lien).
7. The plaintiff **has not** complied with statutes or regulation or the UCC for 2/1/2 decades.
8. The Magistrate clearly skips Plaintiffs admissions in an effort to violate the defendants 4th, 5th, and 14th Amendment rights and defendant has full constitutional right to full hearing in the 'taking of his farm'

Def's Objs. at 6-7.

The Court believes that the magistrate judge correctly applied the law to the present case and his suggestion that judgment on the pleadings should be granted in the government's favor was not

error.  Despite his lengthy objections, the defendant does not legally refute the government's entitlement to collect the debt the defendant owes it.  He claims that he is the victim of fraud, that the government lacks standing to bring the action, and that his "bonded bill of exchange" extinguishes any debt he might owe.  However, these unsupported assertions do not amount to a viable legal theory upon which this Court can grant relief.  The Court will therefore overrule the plaintiff's objections.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 17] is **ADOPTED**, the defendant's objections are **OVERRULED** [dkt # 18], the government's motion for judgment on the pleadings [dkt # 10] is **GRANTED,** the defendant's motion for judgment on pleadings [dkt # 7] is **DENIED**, and the case is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the defendant's motion for sheriff judgment [dkt # 13], the defendant's motion for order [dkt # 19], the defendant's motion to consolidate cases [dkt # 20], the government's motion to strike letter of conditional acceptance [dkt #23], government's motion to dismiss the defendant's counterclaim [dkt #26], the defendant's motion to strike [dkt # 28], the government's motion to strike [dkt # 34], and the government's motion to preclude future filings [dkt # 35]; and the defendant's motion for an *ex-parte* injunction [dkt # 41] are **DENIED** as moot.

    s/Thomas L. Ludington  
    THOMAS L. LUDINGTON  
    United States District Judge

Dated: May 29, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 29, 2007.

                                            s/Tracy A. Jacobs
                                            TRACY A. JACOBS